325-0422, Ravinia Communities as agent for Remington Woods MHCLLC, Appalee v. Jeannette Colon Morales, Appalint. Council, this is a bit of an unusual situation that Mr. Kahn did not file a brief in response, but a motion to dismiss. So, Mr. Martin, we're going to have you address the court on your brief. There will be no rebuttal since there will be no rebuttal from Mr. Kahn. And Mr. Kahn, you'll have 5 minutes to argue your motion to dismiss our apologies. We had some technical difficulties this morning, but Mr. Martin. You can begin. Good morning. So, we've got everything laid out in the brief, and I'll keep this as short and sweet as possible. But first and foremost, this is just a situation where the forcible entry and detainer court didn't have jurisdiction. This is a mobile home or a modular home. It is a large manufactured home and it was purchased. At the time it was purchased, it was at the site where it currently sits. So, it's not really a movable, tiny mobile home. It's a manufactured home. Is it on a foundation on the ground? That I'm not sure. When you say it's not really movable, you mean without difficulty or it is not movable? You know, I suppose just about anything is movable. I mean, I've got a client who has a large house in Chicago that was moved down the street and it's a 6,000 square foot home. So, for this to be moved, it would be an undertaking. In the record, is there any evidence as to whether or not. This is movable, whether it was a mobile home initially brought there on wheels or on a trailer as a modular home, maybe. The installment purchase agreement for the home from 2014 lists the address of the property as where it currently sits, the 22625 Woodside. So, the property was there. It wasn't moved subsequent to. This is a manufactured home community where all the homes are manufactured homes. So, with respect to movability, you know, we make those arguments that it's not movable, but we don't have any expert testimony or anything like that because this was all something that was entered by default or by an agreement rather when the defendant was pro se. So, there was the 1st court date and the forcible court and the homeowner entered an agreed order thinking she was repaying the amounts due. So, there was nothing evidentiary put into the record. Right, and she was pro se at that time, Mr. Martin. We understand that. So, to answer my question, no, there's nothing in the record that talks about. The actual status of this home, whether it falls within the mobile home landlord and tenant act or some other act. That argument was never made that it was in the mobile home landlord tenant acts. We did in our pleadings say that the property was not movable, but we didn't get any experts. And or any testimony to that effect. Okay, that would that matter if you had. If this is an issue with the court, you know, it's that's the court's decision. Ultimately, I don't think it does. You know, we've got an installment contract agreement to purchase a property. And the evicting mortgagee indicated that in argument that they were taking possession of both the land and the home as part of the forcible entry and detainer proceeding. When did they say that they would take possession of the trailer? Or the whatever you want to call it. It was the residents. It was when we were on a upon a motion to reconsider. And that is that cited in my brief. Let's see here. It's in C-170 of the record. The council of plaintiffs indicated, you know, the judge said, but they're not evicting her from the home itself. And plaintiff's counsel responded. Yes, we are. And then they took possession of the manufactured home or the home. So the forcible entry and detainer ultimately at all times was to take possession of the home. That's your argument. That was that's in the record. The statement in the record, the loose statement about whether or not we're evicting them from the house. I've read. So, if that's what you're resting on, I have read that portion of the record and you can continue with your argument. So, you know, the we've got related entities. Who are leasing and not foreclosing at the same time. I mean, I think it's, I think this is exactly what was contemplated when. The mortgage foreclosure act incorporated portions concerning installment contracts for the purchase of property gain exclusively within the realm of the foreclosure act. Is that it, Mr. Martin? That's it. Any questions from the panel? No, no. All right, Mr. Khan, let the timer reset on 5 minutes. There's a little different procedure than we're used to. But as soon as you see that light go on, you're okay to go ahead. I don't see a light, but I'm going to start talking. That's usually what I do. Go ahead. Good morning. Also, just to clear up the eviction action never deals with ownership and title. And this is in the pleadings and in the documents in the bankruptcy court. We filed a case and I do a lot of mobile home cases where we are just filing for non-payment of rent under the eviction act and the mobile home act that allows us to do that. It does not convey title by evicting Ms. Colon Morales in the property does not give my client title to the home. She still owns the home, but she was evicted from the home. And you're operating under the assumption this is a mobile home and falls within the mobile home. Oh, yes. Statute that I talked about before. Absolutely, it is. It's a mobile home park. And the record doesn't tell us that, though. Is that correct? Mr. Khan, there are no manufactured homes in this mobile trailer park? My understanding is it's a straight mobile home park. So help me out on a lot of things going around here in definitional ambiguity here. Distinguish a mobile home from a manufactured home. My understanding is that a mobile home is and once again, I don't deal with and I apologize, Justice, I don't deal with this too frankly, too often. I believe it comes about mobile homes are more movable than manufactured. I could absolutely be wrong. This is not an issue that I've ever dealt with before. I'm going to be honest with you. I do not know. I represent mobile home parks. When I took over this case and when I filed this case and when I represent this client, it is always my understanding that this is a mobile home park. So unfortunately, I can't shed light on that too much. Unfortunately, I never like saying I don't know the answer. But honestly, it's the first time it's ever been addressed to me. But every time I deal with this client, it is mobile home. I don't know. Sorry about that. Okay, well, I mean, you know, it is confusing. I mean, we manufacture even mobile homes. So arguably, it's a manufactured home. I'm not sure if there's a different under the statute. But I let me get back to my five minutes really quickly. So once again, my case is never about you get time when we ask questions. The clock stops. You don't you don't tell us. Oh, yes. All right. Got it. Justice Feldrige, has your question been answered? Not really, but I'll let Mr. Kahn go forward. All right, Mr. Kahn. So we had an eviction order and it's only for the lot. And then in this case, Ms. Colon filed a motion on the 30th day and did not notice it up or do anything with that motion. So I want to just address Judge Mitchell's ruling when she denied that motion. And so when we did the agreed order on February 10, she didn't file a motion to vacate until or I guess it's a motion to vacate on the 30th day on March 12. But she never motioned it up. Instead, the appellant in this case filed bankruptcy and we litigated this exact issue in the bankruptcy court. Counsel argued that she has an ownership interest. We filed an affidavit saying that this is only for the lot and she still owns the home. If my client and they did not appeal, my client doesn't get to just simply own the home. That's a foreclosure. I agree 100% with counsel and I explained this to them. That's a foreclosure. In order to take title to the home, my client has to take another step or work something out with Ms. Colon Morales. But I do not do foreclosures and I agree that's a separate process. This is who has a greater right to possession. But going back to the timeline, she filed a motion on March 12 to vacate or reconsider however we want to title it. And then she files bankruptcy. She did not bring that motion in front of Judge Mitchell until July, which was at the time it was in front of Judge Mitchell. It was five months down the line. So in Judge Mitchell's ruling on that date, she mentioned and it's not in the order that it was untimely. And that's because Ms. Colon Morales, what we believe was playing games by not motioning it up. It could have been a whole different situation if she filed the motion and appeared in front of Judge Mitchell within 30 days, 45 days, whatever it was. But the time this was brought back in front of Judge Mitchell wasn't until July 25, 2025. And that's after counsel also filed an amended motion on July 24, well after the 30 days after the final order was entered on February 10. So that is when Judge Mitchell denied the motion. And then the appellant was evicted from the property on August 1, 2025, which is why we did not file a brief in response to this because possession was moot. In reading their appeal, they were not contesting at all the monies that Ms. Colon Morales owes. What they were contesting, it seemed like was possession and did the court have jurisdiction and the ability to evict her. And the bottom line is when she was evicted, and this is in my brief, three pages of it. Your time is up, so if you could wrap up. Once she's evicted, the question of possession was moot. So that's why I filed the motion to dismiss. Thank you. Do the panel have any questions? None. In essence, your argument, Mr. Kahn, is directed to the motion to dismiss. Am I correct? Yes, my argument is that counsel's correct that this, if I understand the question, we don't have ownership of the home. When I do an eviction for a mobile home park or a manufactured, if so be it, which I don't know the difference, frankly, it's just for who has the right to possess that home. And once she's evicted, if my client wants to get possession, they have to do another process. If she puts $70,000 into this home, I cannot have her, she doesn't waive that money by us filing an eviction case. Thank you. I have a question for you. You said that Judge Mitchell denied her motion. Was it based on any sort of local rule that you have 90 days to notice up a motion or something like that? Not that I'm aware of, no. So if I looked at the, I have the transcript in front of me. If I just looked at the language she used that it's too late, which is basically what she said, that's all I would have to tell me why she said the motion was too late. That is correct. All right. There being no further questions, gentlemen, I appreciate your arguments. We will take this case under advisement and issue a ruling.